UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEY RUGGIERO, SOLE MEMBER OF SKYLINE POWER LLC<br><br>Plaintiff,<br><br>v.<br><br>ELGIN HIGH VOLTAGE, INC<br><br>Defendant. | ECF CASE<br><br>Case No.: 2:26-cv-00110- MEF-CF<br><br>ANSWER OF DEFENDANT, ELGIN HIGH VOLTAGE TO PLAINTIFF'S COMPLAINT and AFFIRMATIVE DEFENSES |

Defendant, Elgin High Voltage Inc. ("High Voltage"), by its attorneys, Price, Meese Shulman & D'Arminio, P.C., Answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. Admit High Voltage is a Delaware Corporation with its principal place of business at 214 Industrial Park Road, Beaver, West Virginia. Deny the remainder of the allegation contained in paragraph 1 of the Complaint. The allegations are otherwise denied.

2. Denies the allegations contained in paragraph 2, 4, 5, 6 and 9, of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3, 7, and 8, 10 and 11 of the Complaint and leaves Plaintiff to its proofs.

**Ruggiero's Disability Period**

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint and leaves Plaintiff to its proofs.

5.     Denies the allegations contained in paragraph 13, of the Complaint

**Elgin's Wrongful Asset Acquisition from Ruggiero's Company**

6.     Denies the allegations contained in paragraph 14 through 16 of the Complaint

**FACTS**

**The Business Relationship Between Skyline and the Elgin Companies**

7.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 through 31 of the Complaint and leaves Plaintiff to its proofs.

8.     Denies the allegations contained in paragraph 32, of the Complaint

**The Bookkeeping Issues**

9.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 33 through 36 of the Complaint and leaves Plaintiff to its proofs.

**Ruggiero contacted Elgin**

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 37 through 43 of the Complaint and leaves Plaintiff to its proofs

**The Life Threatening Injury of Ruggiero**

11.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 44 through 52 of the Complaint and leaves Plaintiff to its proofs

**The June 2021 Conference Calls with Elgin**

12     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 53 through 59 of the Complaint and leaves Plaintiff to its proofs.

**Elgin's High Voltage's Illegal Takeover of Skyline**

13.    Denies the allegations contained in paragraphs 60, 61, 72, 73, 74, 75 and 78, through 85 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 62 through 71, 76 and 77 of the Complaint and leaves Plaintiff to its

**Elgin's High Voltage's Intentional Interference with Skyline's Business.**

15. Denies the allegations contained in paragraph 86 and 87 of the Complaint.

## FIRST COUNT
### Tortious Interference with a Prospective Economic Advantage

16. High Voltage repeats and reasserts its responses to the allegations contained in paragraphs 1 through 87 inclusive, as if set forth fully at length herein.

17. Denies the allegations contained in paragraphs 89 through 92 of the Complaint.

WHEREFORE High Voltage demands the Complaint be dismissed with prejudice and that High Voltage be awarded damages including but not limited to compensatory damages, counsel fees, costs and interest and for such other and further relief as the Court may deem just and proper.

## SECOND COUNT
### Conversion of Assets

18. Elgin Power repeats and reasserts its responses to the allegations contained in paragraphs 1 through 92, inclusive, as if set forth fully at length herein.

19. Denies the allegations contained in paragraphs 94 through 96 of the Complaint.

WHEREFORE High Voltage demands the Complaint be dismissed with prejudice and that High Voltage be awarded damages including but not limited to compensatory damages, counsel fees, costs and interest and for such other and further relief as the Court may deem just and proper.

**AFFIRMATIVE DEFNESES**

**FIRST SEPARATE DEFENSE**

Elgin High Voltage is not liable for any loss or damage alleged by Plaintiff.

**SECOND SEPARATE DEFENSE**

If Plaintiff suffered any loss or damage, such loss or damage was caused by acts or omissions of a third party or parties over whom Defendant had no control nor right of control.

**THIRD SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relieve can be granted.

**FOURTH SEPARATE DEFENSE**

The Complaint is subject to dismissal and/or transfer based on venue and/or because of the doctrine of *forum non conveniens*.

**FIFTH SEPARATE DEFENSE**

Elgin High Voltage owed no contractual duty to the Plaintiff and if a duty was owed, Elgin High Voltage did not breach any contractual duty owed to Plaintiff.

**SIXTH SEPARATE DEFENSE**

Plaintiff failed to mitigate damages.

**SEVENTH SEPARATE DEFENSE**

All State created claims and/or causes of action are barred and preempted by Federal law.

**EIGHTH SEPARATE DEFENSE**

Elgin High Voltage is not liable to Plaintiff for special and/or consequential damages.

**NINETH SEPARATE DEFENSE**

Defendant properly performed under the alleged Contract and is not liable to the Plaintiff.

## TENTH SEPARATE DEFENSE

This Court lacks Jurisdiction over the subject matter of this case as Recommended and Reported by U.S. Magistrate Judge Andre M. Espinosa, on March 25, 2025, and thereafter Ruled upon by U.S. District Cour Judge, Susan D. Wigenton on May 27, 2025 in the case of <u>Jamey Ruggiero  v. Elgin Power Solutions, Civil Action No.  24-9128 (SDW) (AME)</u>.

WHEREFORE Elgin High Voltage demands the Complaint be dismissed with prejudice and that Elgin High Voltage be awarded damages including but not limited to compensatory damages, counsel fees, costs and interest and for such other and further relief as the Court may deem just and proper.

    **PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.**
50 Tice Boulevard
Suite 380
Woodcliff Lake, Jew Jersey 07677
T 201-391-3737
F 201-391-9360
<u>WBierman@pricemeese.com</u>
Attorneys for Defendant,
Elgin High Voltage, Inc..

By: *S/ William D. Bierman*
    William D. Bierman

Dated: January 13, 2026